UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


CHRIS AUGUSTINE                                    CIVIL ACTION 06-1662-A

VERSUS                                             JUDGE DEE DRELL

AVOYELLES PARISH POLICE JURY               MAGISTRATE JUDGE KIRK


To Whom it May Concern:

The attached Standing Pretrial Order in Civil Cases is being forwarded at this early stage in the proceedings to address as many questions as possible regarding how the case should be handled. Questions or clarifications concerning the applicability of the Standing Pretrial Order may be handled by letter addressed to the Clerk of Court.

The intent of the Court is to have the litigation managed as smoothly as possible.  To that end, suggestions of counsel, sent to the same address referenced above, are welcome.

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## ALEXANDRIA DIVISION

## STANDING PRETRIAL ORDER IN CIVIL CASES

*PLEASE READ CAREFULLY.  THIS ORDER DIRECTS THE HANDLING OF YOUR CASE AFTER THE DEADLINES SET IN THE PLAN OF WORK EXPIRE.*

Pursuant to the Federal Rules of Civil Procedure and the Uniform District Court Rules, the following Order shall apply to cases for which Judge Dee D. Drell has responsibility.

In due course, upon completion of the Plan of Work, the Court will issue a "Notice Setting Pretrial Conference."

## THE PRETRIAL STIPULATIONS

1. **No later than five weeks prior to the scheduled pretrial conference**, plaintiff shall submit a draft of his proposed Pretrial Stipulations to defendant, using the format of the attached sample.

2. **No later than four weeks prior to the scheduled pretrial conference**, defendant shall submit a draft of his proposed Pretrial Stipulations to plaintiff, in like format.

3. **No later than three weeks prior to the scheduled pretrial conference**, counsel for the plaintiff shall initiate an informal conference between/among the parties in the case as of that time.  If the plaintiff is unrepresented, counsel for the first named represented defendant shall initiate the conference.  If all parties are unrepresented, the plaintiff shall initiate the conference.  The conference may be by telephone or other electronic means.  At this conference, the attorneys for the parties and/or the unrepresented parties themselves, shall do the following:

   a. Prepare Pretrial Stipulations in accordance with the attached sample;

   b. Arrive at all possible stipulations and/or admissions; and

     c.    View, copy, exchange, and mark copies of all exhibits to be offered in evidence.

4.    The Pretrial Stipulations shall be signed by all attorneys and/or unrepresented parties.

5.    The Pretrial Stipulations shall be filed with the office of the Clerk of Court **at least two weeks prior to the date of the pretrial conference,** and a copy shall be transmitted to Judge Drell's chambers.  Content and issues, if any, regarding the Pretrial Stipulations will be reviewed at the pretrial conference.

6.    All attorneys and/or unrepresented parties shall cooperate with the person arranging the conference in order to facilitate and expedite the holding of this meeting.

7.    If problems or disagreements concerning the content of the Pretrial Stipulations arise before, during, or after the conference (but prior to the transmittal of the Pretrial Stipulations), the parties are instructed immediately to contact Magistrate Judge James Kirk [at (318) 473-7510], who will assist in addressing the disputed areas appropriately.

8.    If the parties desire to amend the Pretrial Stipulations after filing, final Revised Pretrial Stipulations incorporating the original stipulations and all desired amendments and signed by **all** attorneys and/or unrepresented parties must be filed with the office of the Clerk of Court **no later than seven (7) calendar days before the trial**.  A copy of the Revised Pretrial Stipulations should be contemporaneously transmitted to Judge Drell's chambers.  No Revised Pretrial Stipulations will be allowed unless agreed to and signed by all attorneys and/or unrepresented parties, even if such parties are unaffected by the revisions.

9.    No exhibit(s) or witness(es) (other than those used for impeachment purposes) will be allowed utilized at trial unless listed in the Pretrial Stipulations, except by Order of the Court.  A "reservation of rights" to call witnesses or to introduce exhibits (such as "any other witness or exhibit called or listed by any other party") shall not constitute a "listing" in the Pretrial Stipulations. "Impeachment" witnesses whose names are not disclosed are limited to those who will actually testify in accordance with Fed. R. Evid. 608 and 609.

10.    If a trial date is continued, the parties may prepare and file Revised Pretrial Stipulations before the new trial date upon motion agreed to and signed by all

attorneys and/or unrepresented parties in accordance with paragraph 8, <u>supra</u>.

## FINAL WITNESS/EXHIBIT LISTS AND ESTIMATED TRIAL LENGTH

11.    Whether on an initial or a reset trial date, in all trials, the parties must file with the office of the Clerk of Court a final list of "will call" witnesses (all "may call" witnesses must be converted or deleted) and a final list of exhibits expected to be introduced **no later than seven (7) calendar days before the scheduled trial date.** These lists must include rebuttal witnesses and exhibits.  Rebuttal is limited to the plaintiff's case.  The need for surrebuttal witnesses, if any, will be addressed at the pretrial conference.  A non-impeachment witness not so listed will not be permitted to testify at trial over objection and a non-impeachment exhibit not so listed will not be admitted into evidence at trial over objection, except by Order of the Court in truly exceptional circumstances. Copies of the final witness and exhibit lists must be transmitted to Judge Drell's chambers and to the court reporter at the same time the original documents are filed.

12.    Together with the "will call" witness list and the final list of exhibits expected to be introduced, the parties should provide the best final estimate of the number of days necessary to try the case.

13.    Any unresolved objections to witnesses or exhibits enumerated on the  final lists discussed above (including, but not limited to objections regarding authenticity and/or relevance) must be noted immediately under the listing of the witness or exhibit, must identify the specific evidence at issue, must identify the grounds for the objection, and must include citations to the Federal Rules of Evidence and/or other legal authorities applicable to the admissibility or inadmissibility of the evidence.

14.    At trial, should any party fail to call any witness on his "will call" list, any other party may call that person as his own witness, even if he did not list the person on his witness list.  Likewise, should any party fail to introduce any exhibit on his or her exhibit list, any other party may introduce that exhibit, even if he or she did not place the exhibit on his or her exhibit list.

## POTENTIAL IMPEACHMENT EVIDENCE

15.    If a party considers he has good cause not to disclose witnesses or exhibits to be used solely for the purpose of impeachment, **no later than seven (7)**

**calendar days before the scheduled trial date** that party shall transmit the intended testimony or exhibit(s) to the Court *in camera* and shall disclose the evidence believed to be the subject of the proposed impeachment. Contemporaneously, the party must certify to the Court that he or she has forwarded to the opposing party a written notice indicating that proposed impeachment evidence (naming the witness or evidence to be attacked) has been forwarded to the Court.  Should the Court find the evidence appears admissible as impeachment alone, the party tendering the evidence shall inform the opposing party(ies) that impeachment evidence will be introduced, as the Court has authorized it.  The explicit details of the evidence need not be disclosed.

## DEPOSITIONS TO BE USED AT TRIAL

16.    With respect to all deposition testimony to be offered into evidence (other than that used for impeachment purposes), the parties shall agree upon and redact all irrelevant and repetitive matters as well as all colloquy between/among counsel except for relevant objections and the basis for them.   The Court will not generally permit the use of a deposition in lieu of testimony if the deposition has not been prepared as set out herein, except for good cause shown.

17.    The parties must, in good faith, attempt to resolve all objections to testimony contained in the body of any deposition to be offered into evidence.  As to all such objections not amicably resolved, the parties shall deliver to the Court a copy of the deposition, a statement identifying the objectionable portions, and the grounds for the objection (including citations to the Federal Rules of Evidence and/or other applicable legal authorities) **no later than seven (7) calendar days prior to the scheduled trial.**

18.    In bench trials, the parties will forward all depositions being introduced by agreement to the Court **as early as possible, but in no case later than three (3) working days before trial.**

## SUBMISSION OF ORIGINAL TRIAL EXHIBITS

19.    The Clerk of Court and Court Reporter will not accept original exhibits before trial.  Original exhibits will be accepted by the Clerk of Court only when

introduced in the normal course of trial, except to the extent necessary to prepare tools for use in the Court's exhibit display technology.

## OBJECTS INTENDED FOR USE IN OPENING STATEMENTS OR CLOSING ARGUMENTS

20.     **At least seven (7) calendar days prior to trial,** counsel shall file with the office of the Clerk of Court a list and brief description of any charts, graphs, models, schematic diagrams, or similar objects which, although not to be offered in evidence, counsel intend to use in opening statements or closing arguments. A copy of this list should contemporaneously be transmitted to opposing counsel and to Judge Drell's chambers (with certification of delivery to opposing counsel).

21.     Any unresolved opposition to the use of objects enumerated on the list discussed in the preceding paragraph must filed with the office of the Clerk of Court **at least five (5) calendar days prior to trial**. Opposing counsel and Judge Drell must contemporaneously be provided with copies of the opposition.  The opposition must identify the grounds for the objection and must include citations to any applicable legal authorities.

## TRIAL NOTEBOOKS AND THE ELECTRONIC COURTROOM

22.     Trial <u>exhibit</u> notebooks may be required for the bench and opposing counsel. This matter will be addressed at the pretrial conference.  Specifics regarding the use of exhibit display technology in the courtroom will also be discussed at the pretrial conference.

## EXPERT WITNESSES

23.     Generally, expert witnesses whose reports have not been furnished to opposing counsel in accordance with the deadlines set in the Plan of Work will not be permitted to testify over objection, unless otherwise permitted by order of the Court.  Likewise, experts will not be permitted to testify regarding opinions not included in timely furnished reports, unless permitted by order of the Court.  Final rules regarding the use of experts in a particular case will be addressed at the pretrial conference.

24.     Unless otherwise ordered by the Court, counsel will not be permitted to ask questions on cross-examination of an economic expert which questions would require the witness to make mathematical calculations in order to frame a response, unless the factual elements of such questions have been submitted

to the expert witness **at least seven (7) calendar days prior to the scheduled trial date.**

## PROPOSED JURY INSTRUCTIONS AND SUGGESTED VERDICT FORM

25.   In jury cases, the parties shall confer and produce one set of jury instructions and jury interrogatories as required by LR 51.1W.  As set forth in that Local Rule, the joint and separate proposed jury instructions shall be filed with the office of the Clerk of Court and a copy shall be transmitted to Judge Drell's chambers **at least seven (7) calendar days before the date on which the trial is scheduled to begin**.  Instructions relating to the Court's general charge regarding the function of the jury, the credibility of witnesses, the burden of proof, and similar matters need not be furnished unless the case presents unusual circumstances such that special instructions on these matters are desired.

26.   Proposed jury instructions should be based on the Fifth Circuit's Pattern Civil Jury Instructions and referenced by number.  Any proposed instructions not found in the Fifth Circuit's Pattern Instructions must be submitted in their entirety and accompanied by pinpoint citations.  Any objections to the proposed instructions must be noted immediately under the listing of the instruction, must identify the grounds for the objection, and must include citations to any applicable legal authorities.

27.   For jury cases, the parties shall also confer and produce one suggested form of verdict.  The suggested form of verdict shall be filed with the office of the Clerk of Court and a copy shall be transmitted to Judge Drell's chambers **at least seven (7) calendar days before the date on which the trial is scheduled to begin.**  If the parties cannot agree on a suggested form of verdict, each party should submit a suggested form.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

28.   In non-jury cases, each party shall submit Proposed Findings of Fact and Conclusions of Law with citations **at least seven (7) calendar days before the scheduled trial date.**  If further briefing is necessary or desirable, the Court will direct the parties on this matter.

## COMPROMISE AND COMMENCEMENT OF TRIAL

29.   The parties are encouraged to resolve litigation by compromise.  **If the litigation is settled in whole or in part, the Clerk of Court and Judge Drell's**

7

**chambers shall be promptly notified by counsel.**  If the case is settled after the Clerk of Court's office has closed on the day before trial or on the weekend before a Monday trial, the deputy Clerk of Court should be promptly notified at home.  If the matter is set for a jury trial, all steps will be taken to have the jury cancelled.  If time does not permit the jury to be cancelled, the parties subject themselves to the assessment of jury costs

30.     **The first day of trial will begin promptly at 9:00 a.m.**  The trial will not be delayed awaiting the appearance of witnesses.  Therefore, all parties should have an adequate number of witnesses available to meet this schedule.

BY ORDER OF THE COURT

Final 7/02/03<br>Form:  PTO-D1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

Civil Action No.

Versus                                                          JUDGE DRELL

MAGISTRATE JUDGE KIRK

**PRETRIAL STIPULATIONS**
*(SAMPLE)*

A conference of attorneys/parties was held in the above captioned cause on

the _____ day of _____, 20_____.

_____ appeared for plaintiff(s).

_____ appeared for defendant(s).

1.     The following jurisdictional questions were raised and disposed of as
       hereinafter indicated:

       _____
       _____
       _____
       _____
       _____

       {*Note to parties: if jurisdictional questions or motions have not yet been resolved, the
       parties should list those remaining for discussion with the Court at the pretrial
       conference.*}

2.     The following proposed disposition was made of pending motions or other
       similar matters preliminary to trial:

       _____
       _____
       _____
       _____
       _____

9

3.  Counsel reasonably believe and agree there **are** or **are not** (*select one*) additional issues that will require disposition by pretrial motion, including motions *in limine*.  Explain:

_____
_____
_____
_____

4.  In general, the plaintiff claims:

_____
_____
_____
_____
_____

5.  In general, the defendant claims:

_____
_____
_____
_____

6.  The following facts are established by the pleadings or by the stipulations/admissions of the parties:

_____
_____
_____
_____
_____

7.  The contested issues of fact are as follows:

_____
_____
_____
_____
_____

8.  The contested issues of law are as follows:

_____
_____
_____
_____
_____

10

9.      The following additional amendments to the pleadings (not requiring further discovery) are allowed:

_____
_____
_____
_____
_____

10.     The following appendices are attached to these Pretrial Stipulations:

      a.      Lists or schedules of all exhibits that will be offered in evidence at the trial.

{*Note to parties:  Please do not attach the exhibits themselves.  The exhibit lists should describe the exhibits sufficiently for ready identification.  With respect to each exhibit, the parties shall either agree as to the admissibility of the exhibit or reach such stipulations as are possible and shall designate the agreement immediately under the listing of the exhibit.  If a party objects to an exhibit to be offered against him, he shall note his objection immediately under the listing of the exhibit.  The notation shall include citations to the Federal Rules of Evidence and other applicable legal authorities supporting the objection.*}

      b.      Lists of witnesses (except impeachment witnesses but including rebuttal witnesses), with their addresses and a brief statement of the nature of their testimony.

{*Note to parties:  The parties shall divide their witness lists into "will call" and "may call" sections.  Any party listing a person on his "will call" list shall bear the responsibility of producing that witness at trial.*}

11.     The following additional matters, to aid in the disposition of the action, have been determined:

_____
_____
_____
_____
_____

12.     The probable length of the trial in this case is _____ day(s) and will be a **bench** or **jury** (*select one*) trial.  Jury trial previously requested **is** or **is not** (*select one, if applicable*) waived.

11

[*Further explanation for any response may be entered on supplemental pages*.]

Approved:  _____ , for plaintiff(s)

Approved:_____ , for defendant(s)

Final 7/02/03
Form: PTS-D1