UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHRIS AUGUSTINE, ET AL | CIVIL ACTION NO. 1:06cv1662 |
| VS. | JUDGE DRELL |
| AVOYELLES PARISH POLICE JURY | MAGISTRATE JUDGE KIRK |

# MEMORANDUM IN SUPPORT OF
# <u>MOTION TO DISQUALIFY PLAINTIFFS' EXPERT</u>

**MAY IT PLEASE THE COURT:**

**<u>Facts And Procedural Background:</u>**

This proceeding arises out of a lawsuit filed by Chris Augustine, et al (hereinafter Augustine) against the Avoyelles Parish Police Jury (hereinafter APPJ) attempting to redistrict the Avoyelles Parish Police Jury voting districts. Augustine's allegations, in general, is that there has been a history of official discrimination against African-Americans in Avoyelles Parish, including discrimination against African-Americans attempting to exercise their rights to the franchise. As a proposal to remedy this alleged violation, Augustine proposes having a minimum of three minority voting districts within the current Avoyelles Parish Police Jury voting districts.

During a telephone status conference held between counsel and this Honorable Court on April 20, 2007, counsel for plaintiffs advised opposing counsel and this Honorable Court that it had retained Glenn Koepp and his consulting firm, Redistricting, LLC, as an expert in field of redistricting and intended on utilizing his knowledge and expertise in creating the proposed

minority voting districts. In addition to his ownership interest in Redistricting, L.L.C., Glenn Koepp is also Secretary of the Senate-State of Louisiana.

As a result of Mr. Koepp's position as Secretary of the Senate-State of Louisiana, this Motion to Disqualify is filed.

## Law and Argument:

Counsel for APPJ has previously lodged this same objection that is being lodged here. That objection was lodged in the matter entitled "*Rev. Charles E. Guillory, et al vs. Avoyelles Parish School Board,* Civil Action 1:03cv285". Due to knowledge learned in the Avoyelles Parish School Board case and other issues that will be presented in this Memorandum, it is clear that Glenn Koepp has a conflict and should not be allowed to present expert testimony on behalf of Augustine in this matter.

La. R.S. 18:532.1 is the appropriate statute that outlines the requirements that shall be followed when a parish governing authority (i.e. APPJ) is attempting to determine features to be used as precinct boundaries. One of the requirements is that the parish governing body shall consult with the Secretary of Senate (the position currently held by Glenn Koepp) and the Clerk of the House of Representative or their designees. Further, no change in a precinct boundary may be made by a parish governing authority without prior review and approval by the Secretary and the Clerk or their designees. The mandatory requirements of La. R.S. 18:532.1, make the Secretary of the Senate an integral part in any redistricting plan that involves precinct changes.

La. R.S. 18:532.1, in pertinent part provides:

**§ 532.1. Changing boundaries**

...

(2)(a) In determining features to be used as precinct boundaries, the parish governing authority shall consult with the secretary of the Senate and the

clerk of the House of Representatives or their designees. The parish governing authority shall submit proposed changes in precinct boundaries to the secretary and the clerk or their designees on United States Bureau of the Census maps prepared for the next federal decennial census and, where practicable, by electronic medium. No change in a precinct boundary may be made by the parish governing authority without prior review and approval by the secretary and the clerk or their designees, except as provided in this Paragraph. Such review shall consist of a determination whether the proposed precinct change coincides with a visible feature depicted on a base map that will be used by the United States Bureau of the Census to determine visible tabulation boundaries for the federal decennial census.

(b) The secretary of the Senate and the clerk of the House of Representatives or their designees shall send a report of the findings resulting from the review to the parish governing authority within forty-five days after the receipt of the proposed precinct changes. If the secretary of the Senate and the clerk of the House of Representatives or their designees fail to respond within forty-five days after the receipt of the proposed precinct changes, the proposed visible feature for precinct boundaries shall be deemed to be approved by the secretary of the Senate and the clerk of the House of Representatives or their designees.

Plaintiffs may argue that Glenn Koepp, in his capacity as Secretary of the Senate, may not actually have any dealings with this particular plan and that his subordinates will perform all task(s) required. This is not acceptable. The above requirements contained in La.R.S. 18:532.1 demonstrate the inability of Glenn Koepp to delegate his duties to any of his subordinates and/or designees. Therefore, it is impossible for Glenn Koepp to be involved in this matter without the same issue being presented to him in the future while he is acting in the scope of and fulfilling his duties as Secretary of the Senate. Accordingly, the fact that Mr. Koepp will attempt to have a designee of his handle this matter on his behalf as Secretary of the Senate, is not acceptable.

The history of expert disqualification is discussed at length in the Law Review article by Kendall Coffey in "Inherent Judicial Authority and the Expert Disqualification Doctrine" at *56 Fla. Law Review page 195*.[1] The Fifth Circuit Court of Appeals endorsed the **Paul** test in ***Kock***

---

[1] See exhibit A

*Refining Co. v. Jennifer L. Boudreaux, MV* 85 F.3r. 1178 (5th Cir. 1996) adding a public interest test to balance policy objectives to determine whether experts should be disqualified.

The fact that Mr. Koepp is now the Secretary of the Senate (a constitutional office[2]) who is required to approve or disapprove precinct changes should disqualify him as an expert in this redistricting case from a policy standpoint.

## Conclusion:

For the foregoing reasons and in light of the cited authority, APPJ submits that this Honorable Court should disqualify Glenn Koepp as Plainitffs' expert.

RESPECTFULLY SUBMITTED:

OFFICE OF THE DISTRICT ATTORNEY
12TH JDC - PARISH OF AVOYELLES

BY: _____
CORY P. ROY (Bar Roll #27066)
Assistant District Attorney
107 North Washington Street
Post Office Box 544
Marksville, Louisiana 71351
(318) 240-7800 – Phone

CHARLES A. RIDDLE, III (Bar Roll #10974)
District Attorney
Post Office Box 1200
Marksville, Louisiana 71351
(318) 253-4220 - Phone

---

[2] See La. Const. Article 7 Section C.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHRIS AUGUSTINE, ET AL | CIVIL ACTION NO. 1:06cv1662 |
| VS. | JUDGE DRELL |
| AVOYELLES PARISH POLICE JURY | MAGISTRATE JUDGE KIRK |

## CERTIFICATE OF SERVICE

This will certify that I have forwarded a copy of the foregoing to:

- Mr. Charles D. Jones
  Attorney at Law
  Post Office Box 3043
  Monroe, Louisiana 71201

by faxing and placing a copy of same in the U.S. Mail with proper postage affixed thereto.

Marksville, Louisiana, this 31st day of May, 2007.

_____
CORY P. ROY