**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**
_____

CHRIS AUGUSTINE, ET AL.                    CIVIL ACTION NO. 06-1662-A

-vs-                                                           JUDGE DRELL

AVOYELLES PARISH POLICE JURY, ET AL.      MAGISTRATE JUDGE KIRK

<u>RULING</u>

Before the Court is a document titled "Plaintiffs' Petition to Enjoin the September 2007 Qualifying and October 2007 General Elections." (Document No. 30.)  Qualifying is apparently fixed by law for September 4 - 7, 2007, and the election is set for October 2007.  The Court has held a telephone conference with counsel.  Under these circumstances, the petition to enjoin both the qualifying and the general election must be denied.  The chronology of this case bears comment in so ruling.

We note that in a previous conference held in chambers with counsel, the Court was informed by the defendants' attorney, that even prior to the filing of the suit, the Police Jury, without admitting any violations of the Voting Rights Act, was formulating a possible plan for reapportionment at a future time, which plan would be subject to public comment.

It was the Court's further understanding that plaintiffs were also having a report prepared by their expert with a possible alternative plan(s), and that plaintiffs would furnish a copy of their proposed plan(s) to the Police Jury.  The Court has now learned that this submission did not occur.  Accordingly, the Police Jury has gone forward with public hearings on the plan prepared by its expert.

We also note there is currently before this Court an objection to Mr. Glenn Koepp as the expert to be used in this case based upon his position with the State of Louisiana.  (Document No. 21.)  It was understood that the plan(s) to be submitted by plaintiffs would be Mr. Koepp's plan(s), despite the status of the motion.  The Court anticipated that the Police Jury's attorney would have the opportunity to review the submission(s) notwithstanding the pendency of a decision on Mr. Koepp's ability to testify if this matter were to be litigated further.

While we are mindful of the need to have the issues in this case decided expeditiously, we decline to do so precipitously.  If the Court determines, after a full presentation of the evidence, that, in fact, the Police Jury is racially malapportioned, the Court's authority is such that a new election could be ordered.  Based on what we have before us, it is not appropriate to make, nor should we make, a decision which would effectively be one on the merits.

Accordingly, the petition for injunctive relief on both requested areas, qualifying and the general election, must be DENIED.

Additionally, the plaintiffs shall submit their proposed plan(s) to the Police

Jury on or before September 6, 2007.

SIGNED on this 5th day of September, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge